# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:19CV-P134-GNS

CHARLES ANTHONY MAYES                                                               PLAINTIFF

v.

TODD CTY. DETENTION CENTER                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Anthony Mayes filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow one of his claims to proceed for further development.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a pretrial detainee at the Todd County Detention Center (TCDC) at the time of the events alleged in the complaint. He has since been transferred. In his original complaint, he sued only TCDC. By prior Memorandum and Order (DN 11), the Court found that the complaint suggested that Plaintiff may have intended to sue individuals who allegedly violated his rights and that Plaintiff did not state what his alleged injury was. Therefore, the Court ordered Plaintiff to file an amended complaint naming any individual(s) whom he believed violated his rights; stating specific allegations against each Defendant; and stating any injuries he suffered. The Court stated that the amended complaint would supersede the original complaint.

Plaintiff filed an amended complaint naming as Defendants TCDC; Jeff Penick,[1] the

---
[1] Plaintiff alternatively spells this Defendant's last name as Pennike, Pennick, and Penick. The Court will refer to this Defendant as Penick herein.

TCDC Jailer; and Wayne Scartula, the TCDC Chief Jailer. He sues Penick and Scartula in their official capacities only.

In the amended complaint, Plaintiff states that he had filed grievances "about the water coming through the wall" and that inmates "would always have to mop up the water all day long." He continues, "We had boats-bunk on the floors in the water." He asserts, "On June 18th I was walking from the phone and slipped in a pool of water. All on video[] & on June 20th and 21st two other guys slipped while getting their trays also on video. Guards even saw it." He states, "Well I twisted my back & was sent to the hospital. The doctors said I had a pinched nerve & the jail nurse said something about sevelious []or something like that. Well only a day after the incedent I got out of the medical room & sent back up stairs packing my mat." He states that "to this date they still haven't fixed it leak and I don't know were this is going. Nobody will help tell me what I need to do."

Plaintiff continues, "It was already filed on 10-10-19 & I'm just now hearing something about having 30 days to file individuals when it's the jail itself. But the only one I could think of would be the jailer. I don't even care about the money no more, I just want to go home." He states, "I need a lawyer to talk to, I don't know what's going on." Plaintiff also states that "every now and then my back will pinch up & hurt. Climbing up & down to get on your bunk don't help none either." Plaintiff asserts, "If Wal-Mart gets sued, you sue the corporation. Not the supervisor or worker. So why do I have to sue the jailer if it was the jail itself."

As relief, Plaintiff seeks compensatory and punitive damages and release on parole.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

With regard to Plaintiff's claim against TCDC, TCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Todd County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky.

1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Todd County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, the Court construes Plaintiff's claim against TCDC as brought against Todd County.

Moreover, with regard to Plaintiff's official-capacity claims against Defendants Penick and Scartula, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Defendants Penick and Scartula are employees of Todd County. Therefore, the Court construes Plaintiff's official-capacity claims against these Defendants as brought against Todd County, as well.

The Court construes Plaintiff's amended complaint as alleging a claim for deliberate indifference to safety in violation of the Fourteenth Amendment. Upon review, the Court will allow the claim to proceed against Todd County for further development. The Court will direct the Clerk of Court to add Todd County as a Defendant in the docket sheet.

The official-capacity claims against Defendants Penick and Scartula will be dismissed as redundant to the continuing claim against Defendant Todd County. *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacities as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

With regard to Plaintiff's request for release on parole, release from custody is not an

available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, Plaintiff's request for release from custody will be dismissed for failure to state a claim upon which relief may be granted.

Further, Plaintiff states, "I need a lawyer to talk to, I don't know what's going on." If Plaintiff seeks the appointment of counsel, he must file a motion for appointment of counsel and state the grounds in support of his motion. The Court will direct the Clerk of Court to send Plaintiff a motion form should he choose to use it.

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claim against TCDC and the official-capacity claims against Defendants Penick and Scartula are **DISMISSED** as redundant to the continuing claim against Todd County.

**IT IS ORDERED** that Plaintiff's claim seeking release on parole is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Defendants TCDC, Penick, and Smith as parties to the action and to add Todd County as a Defendant in the docket sheet.

The Clerk of Court is further **DIRECTED** to send Plaintiff a motion form.

The Court will enter a separate Service and Scheduling Order to govern the claim that has been permitted to proceed against Todd County. In allowing the claim to proceed, the Court passes no judgment on the outcome or ultimate merit.

Date: April 6, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Todd County Attorney
4416.010