UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00134-GNS-HBB

CHARLES ANTHONY MAYES                                          PLAINTIFF

v.

TODD COUNTY, KY                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 32) and Plaintiff's Motion for Summary Judgment (DN 38). The matter is ripe for adjudication. For the reasons discussed below, Defendant's motion is **GRANTED,** and Plaintiff's motion is **DENIED**.

## I.      STATEMENT OF FACTS

Plaintiff Charles Anthony Mayes ("Plaintiff") filed this action *pro se* against Defendant Todd County, Kentucky, ("Defendant") asserting a claim under 42 U.S.C. § 1983. (Am. Compl., DN 12). During Plaintiff's pretrial detainment in the Todd County Detention Center ("TCDC"), he filed grievances about water coming through the wall in his cell area. (Am. Compl 4). Plaintiff claims he and his cellmates would have to frequently mop up the water and that his boat-bunk on the floor was in water.[1] (Am. Compl. 4). Plaintiff states that on June 18, 2019, he slipped in a pool of water and twisted his back. (Am. Compl. 4). Plaintiff was sent to the hospital and his records show a "LOW BACK STRAIN; CONTUSION TO RIGH ELBOW AND KNEE". (Am. Compl. 4; Def.'s Mot. Summ. J. Ex. B, at 1, DN 32-3). Plaintiff contends Defendant has yet to fix

---

[1] Defendant provided a photo of a "boat-bunk" and explained that "boat-bunks" have nothing to do with water but are named as such after their boat-like frame. (Def.'s Mot. Summ. J. Ex. D, at 1-2, DN 32-5).

the leak, that he has slept with water dripping on him, and that every now and then his back will hurt and pinch.  (Compl. 4; Am. Compl. 4).  Plaintiff claims that other inmates have slipped in water as well.  (Am. Compl. 4).

After Plaintiff brought this action on October 1, 2019, the Court screened Plaintiff's amended complaint to allow a claim for deliberate indifference to safety in violation of the Fourteenth Amendment against Todd County.  (Compl., DN 1; Mem. Op. & Order 4, DN 13).  After Defendant answered the Amended Complaint, Defendant moved for summary judgment.  (Def.'s Mot. Summ. J. DN 32).  Plaintiff moved for summary judgment, (Pl.'s Mot. Summ. J., DN 38), and Defendant responded.  (Def.'s Resp. Pl's. Mot. Summ. J., DN 40).  Fully briefed, this matter is ripe for decision.

## II.    JURISDICTION

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the evidence must be viewed in the light most favorable to the non-moving party,

the non-moving party must do more than merely show the existence of some "metaphysical doubt

as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986) (citation omitted). Rather, the non-moving party must demonstrate that a genuine factual

dispute exists by "citing to particular parts of the materials in the record" or by "showing that the

materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will

be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

Defendants moved for summary judgment due to Plaintiff's failure to exhaust his

administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Def.'s Mem. Supp.

Mot. Summ. J. 2-3, DN 32-1 [hereinafter Def.'s Mot. Summ. J.]); *see* 42 U.S.C. § 1997e. Pre-trial

detainees, like Plaintiff, are subject to the PLRA's exhaustion requirement. *See* 42 U.S.C. §

1997e(h). This Court has explained an inmate's duty to exhaust his administrative remedies:

> The [PLRA] requires a prisoner to exhaust all available administrative remedies
> before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983
> or any other federal law. That exhaustion requirement "applies to all inmate suits
> about prison life, whether they involve general circumstances or particular
> episodes, and whether they allege excessive force or some other wrong."
> Exhaustion is mandatory and the remedies provided "need not meet federal
> standards, nor must they be 'plain, speedy, or effective.'" "Proper exhaustion
> demands compliance with [the prison's] deadlines and other critical procedural
> rules," and so "it is the prison's requirements, and not the PLRA, that define the
> boundaries of proper exhaustion."

*Brock-Butler v. Parker*, No. 5:14-CV-000210-TBR, 2016 WL 3676769, at *3 (W.D. Ky. July 6,

2016), *aff'd*, No. 16-6210, 2017 WL 7116972 (6th Cir. Sept. 21, 2017) (internal citations omitted)

(citation omitted). TCDC's policy sets forth an inmate grievance procedure in Section XII-600

when an inmate "believes he or she has been subject to abuse, harassment, abridgment of civil

3

rights or denied privileges specified in the posted rules."  (Def.'s Mot. Summ. J. Ex. C, at 176-77,

DN 32-4); *see also* 501 KAR 3:140 § 6.

Jeff Penick ("Penick"), the TCDC Jailer, states that he familiarized himself with Plaintiff's

records and that Plaintiff did not follow the grievance procedure.  (Def.'s Mot. Summ. J. Ex. D, at

1).  Plaintiff has consistently maintained, however, that he filed grievances before the accident

regarding water coming through the wall.  (*See* Compl. 4; Am. Compl. 4; Pretrial Mem. 1, DN

31).  Neither party addressed the extent to which Plaintiff did or did not adhere to the grievance

procedure, which includes both an initial complaint process and appeals process.  (*See* Def.'s Mot.

Summ. J. Ex. C, at 177).  Accordingly, there remains a question of fact regarding Plaintiff's failure

to exhaust administrative remedies.

Defendants further contend that Plaintiff has failed to show an injury sufficient for the

PLRA.  (Def.'s Mot. Summ. J. 3-4).  Pursuant to PLRA, "[n]o Federal civil action may be brought

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury or the commission of a sexual

act . . . ."  42 U.S.C. § 1997e(e).  "Although § 1997e(e) does not define 'physical injury,' the

developing case law in this area reflects the view that, consistent with Eighth Amendment

jurisprudence, the predicate injury need not be significant, but must be more than *de minimis*."

*Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (citation omitted).  Thus, without the

showing of something more than a *de minimis* physical injury associated with his claim, Plaintiff's

claim must fail.  *See Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (finding that

swelling, pain, and cramps which produced no medical findings was "nothing more than a *de

minimis* injury for purposes of § 1997e(e)." (citations omitted)).  Plaintiff contends that every now

and then his back will hurt and pinch and that his doctor told him he suffered a "pinched nerve".

(Am. Comp. 4-5). Plaintiff's lab report shows no findings, and his medical records reflect that he suffered a lower back strain. (Def.'s Mot. Summ. J. Ex. B, at 1-2). Penick states that after the injury Plaintiff did not seek further treatment. (Def.'s Mot. Summ. J. Ex. D, at 1). Under these circumstances, Plaintiff has not demonstrated that his back strain is more than de minimis.

Regardless, Plaintiff's claim also fails as a matter of law because he has not shown that Defendant acted with deliberate indifference to a substantial risk of serious harm. "[U]nder the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates.'" *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016) (citation omitted). The Eighth Amendment requires prison officials take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). To establish a claim for failure to protect, a plaintiff must show prison officials acted with deliberate indifference to a substantial risk of serious harm. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). In order to establish Todd County's liability under Section 1983, Plaintiff must show the alleged constitutional violation occurred because of a municipal policy or custom, but a municipality cannot be held liable absent an underlying constitutional violation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *Burkey v. Hunter*, 790 F. App'x 40, 41 (6th Cir. 2020).

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v.*

*Seiter*, 501 U.S. 294, 298 (1991).  "Federal courts have consistently held that slippery prison floors . . . do not give rise to a constitutional violation." *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar.18, 2010) (listing cases); *see also Swartz v. Hurt*, No. 91-3756, 1992 WL 21557, at *1 (6th Cir. Feb.10, 1992) (concluding prisoner failed to state a claim for deliberate indifference based upon slip and fall injury arising from wet floor even though defendants knew about leaky heater); *Willix v. Monroe Cty. Jail Admin.*, No. 2:11-CV-10937, 2011 WL 899662, at *2 (E.D. Mich. Mar.15, 2011) (finding inmate's claim that he slipped and fell in a pool of water at jail "alleges at worst that the defendant's employees were negligent in failing to protect plaintiff from such hazardous conditions, and thus does not state a claim for relief under § 1983." (citations omitted)).

Plaintiff's assertion that water remained on the floor because of Defendant's failure to fix a leak is, at most, negligence which is not actionable under Section 1983. *See, e.g.*, *Lewellen v. Metro. Gov't of Nashville & Davidson Cty.*, 34 F.3d 345, 351 (6th Cir. 1994) ("Gross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" (citation omitted)).  In this instance, Plaintiff's claim of a fall on a slippery floor does not constitute a grave deprivation of a basic human need and fails to establish that Defendant acted with deliberate indifference. *See Chamberlain*, 2010 WL 1002666, at *2; *Swartz*, 1992 WL 21557, at *1; *Willix*, 2011 WL 899662, at *2).  The Court, therefore, grants Defendant's motion and denies Plaintiff's motion.

## V.    CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** as follows:

1.    Defendant's Motion for Summary Judgment (DN 32) is **GRANTED**, and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

2.    Plaintiff's Motion for Summary Judgment (DN 38) is **DENIED**.

3.    The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 3, 2021

cc:    counsel of record
       Plaintiff, *pro se*